Dinsmore v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-078-CR

GARY MICHAEL DINSMORE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Gary Michael Dinsmore appeals from his conviction for indecency with a child by contact.  In five issues, appellant complains that the trial court violated the principles of double jeopardy, collateral estoppel, and equity and abused its discretion by admitting extraneous offense evidence, that the evidence is legally and factually insufficient to support his conviction, and that the reporter’s record is incomplete.  We will affirm.

Initially, appellant was charged with two indecency by contact offenses involving two different child victims:  A.D. (count one) and K.B. (count two).
(footnote: 2)  Both counts alleged that appellant had touched the victims’ breasts.  Before trial, appellant moved to dismiss count one of the indictment with prejudice, and the State did not oppose the motion.  The trial court granted the motion and dismissed count one.  Trial then proceeded on the second count involving K.B.  

During the guilt-innocence phase of trial, the trial court allowed A.D. to testify that, over a month before the incident involving K.B., A.D. had spent the night with appellant’s stepdaughter, K.S.  According to A.D., while the girls were asleep in K.S.’s bed, appellant had lain down in the bed behind A.D, touched her hip, and rubbed it in a circular motion for several seconds.  When A.D. had attempted to wake K.S., appellant had left.  

Appellant objected to this testimony based on relevance and Rule 404(b), but the trial court denied the objections.  The court ruled that A.D.’s testimony was more probative than prejudicial and was admissible under Rule 404(b) because it was relevant to the issues of intent, preparation, and plan.
(footnote: 3) 

In his first and second issues, appellant contends that the trial court abused its discretion by admitting this evidence under Rule 404(b).  Appellant also contends that the probative value of A.D.’s testimony was substantially outweighed by the danger of unfair prejudice because the testimony referenced facts encompassed in count one of the indictment and the defense was precluded from impeaching A.D. by informing the jury that count one had been dismissed with prejudice. 

A.D. and K.B. each testified that, on separate occasions while they were asleep when spending the night with K.S., appellant had gotten into the bed and touched their hips.  K.B. testified that appellant first touched and rubbed her stomach and then moved his hand to her hip; A.D. testified that appellant touched and rubbed her hip.  Thus, A.D.’s testimony tended to show that appellant acted intentionally and according to a plan when he committed the offense against K.B.

Further, the probative value of A.D.’s testimony was not outweighed by the danger of unfair prejudice because the testimony did not reference facts encompassed in count one of the indictment.  Count one alleged that appellant had touched A.D.’s breasts, but A.D. merely testified that appellant had touched and rubbed her hip.  For both of these reasons, we hold that the trial court did not abuse its discretion by admitting A.D.’s testimony.  
See Montgomery v. State,
 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).
(footnote: 4)
 Appellant also asserts that the trial court improperly granted the State’s motion in limine and required defense counsel to approach the bench before asking K.B. whether she had ever lied to a police officer or school officer.  Appellant contends that the questioning should have been allowed because K.B.’s mother testified that K.B. had never been in trouble, but K.B. actually had once gotten in trouble for marijuana possession.  This type of evidence is not allowed by the evidentiary rules.  
See
 
Tex. R. Evid.
 609(d) (providing that evidence of juvenile adjudications is generally not admissible for impeachment purposes); 
see also
 
Tex. R. Evid.
 608(b), 609(a) 
(providing that specific instances of a witness’s conduct are not admissible to attack the witness’s credibility except for convictions involving felony offenses and crimes involving moral turpitude).  Therefore, the trial court did not err by granting the State’s motion in limine.  We overrule appellant’s first and second issues.

In his third issue, appellant contends that the evidence is legally insufficient to support his conviction because there is no evidence that he touched K.B.’s breasts with the intent to arouse or gratify his sexual desire.  
See
 
Tex. Penal Code Ann.
 § 21.11(a)(1), (c) (Vernon 2003).

In indecency cases, intent may be inferred from the accused’s conduct and remarks as well as the circumstances surrounding his actions.
  
McKenzie v. State,
 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981); 
Turner v. State,
 600 S.W.2d 927, 929 (Tex. Crim. App. [Panel Op.] 1980).  In this case, the record shows that appellant, who was wearing only underwear, entered the bedroom of his stepdaughter, K.S., during the early morning hours while she and K.B. were asleep.  K.B. awoke when appellant kissed her on the neck and cheek.  Appellant then rubbed K.B.’s stomach, put his hand on her hip, and tried to force his hand down her pajama bottoms.  When that was unsuccessful, appellant put his hand inside K.B.’s bra and massaged her breasts for about six seconds, touching her nipple.  Appellant eventually left after K.B. woke K.S. and K.S. told appellant to leave.  

This evidence is legally sufficient
(footnote: 5) to establish that appellant touched K.B.’s breasts with the intent to arouse and gratify his sexual desire.  Accordingly, we overrule appellant’s third issue.

In his fourth issue, appellant contends that the evidence is factually insufficient to support his conviction because K.B. admitted that she never told K.S. that appellant had touched her inappropriately and there are inconsistencies in the evidence concerning the following matters:  the time K.B. called her mother the next day; whether appellant was beside K.B. or between the girls when the offense occurred; whether K.B. woke K.S. and said, “Your dad won’t get out of bed”; whether appellant was in his underwear; and whether K.B. ate breakfast the following morning.  

As a reviewing appellate court, we must defer to the jury's determination concerning what weight to give contradictory testimonial evidence—particularly those determinations concerning the weight and credibility of the evidence—unless the record clearly reveals that a different result is appropriate.  
Johnson v. State,
 23 S.W.3d 1, 8-9 (Tex. Crim. App. 2000).  No different result is warranted here; none of the alleged inconsistencies in the evidence pertains to the elements of the charged offense.  In addition, K.B.’s outcry statement to her mother two days after the incident was consistent with her trial testimony.
(footnote: 6)  Further, A.D. testified that appellant had engaged in some of the same conduct when she spent the night with K.S.

Appellant also argues that the evidence is not factually sufficient because the State did not rebut the defense’s alternative reasonable hypothesis for both K.B.’s and A.D.’s allegations:  that the girls believed appellant was a convicted sex offender whose picture was at the post office.  
See Wilson v. State,
 7 S.W.3d 136, 141 (Tex. Crim. App. 1999) (holding that existence of an alternative reasonable hypothesis may be relevant to, but is not determinative of, a factual sufficiency review).

Appellant’s wife Missy testified that K.S. had come home from school upset because other children had told her that appellant’s picture was in the post office as a registered sex offender and that he had just been released from prison after serving time for sexual crimes against children.  Missy did not, however, testify that K.B. or A.D. were among the children who had made these statements.  Further, Missy testified that the rumors at school started 
after
 K.B. made her outcry and appellant had to move out of the family residence, not before.  Finally, K.B. testified that she had heard appellant had been to jail “for something,”
(footnote: 7) but denied having heard that appellant’s picture had been posted as a registered sex offender.  Likewise, A.D. testified that she had never heard and had never told anyone that appellant’s picture had been posted as a sex offender.  

Considering all of the evidence in a neutral light, we hold that the jury could have reasonably rejected appellant’s alternative hypothesis and found that appellant committed the charged offense.  Thus, applying the appropriate standard of review,
(footnote: 8) we hold that the evidence is factually sufficient to support appellant’s conviction.  We overrule appellant’s fourth issue.
(footnote: 9)
 In his fifth issue, appellant complains that the reporter’s record is tainted or incomplete.  Appellant asserts that he “believes” defense counsel “objected” to A.D.’s testimony before the beginning of trial and requested a running objection but that the record only reflects a “bench conference.”  Appellant does not direct us to any place in the record that reflects the alleged bench conference or elaborate on the nature of the alleged objection.  
See
 
Tex. R. App. P.
 38.1(h) (providing that appellate brief must contain clear and concise argument for contentions made, with appropriate citations to record); 
Fierro v. State,
 706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986) (holding that general objection was insufficient to apprise trial court of complaint urged and preserved nothing for appellate review), 
cert. denied,
 521 U.S. 1122 (1997).  Moreover, we have addressed some of appellant’s objections to A.D.’s testimony.  Therefore, we overrule appellant’s fifth issue.

Having overruled all of appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 23, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The victims were identified in the indictment by pseudonyms. 

3:
See
 
Tex. R. Evid.
 403 (providing that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice); 
Tex. R. Evid.
 404(b) (providing that evidence of other crimes, wrongs, or acts is not admissible to prove an accused’s character but may be admissible for other purposes, such as proof of intent, preparation, or plan).

4:
Appellant’s complaint that the trial court “erred in the manner in which it conducted” the Rule 403 balancing test is forfeited because appellant does not explain how the trial court’s balancing test was erroneous.  
See
 
Tex. R. App. P.
 38.1(h); 
Salazar v. State,
 38 S.W.3d 141, 147 (Tex. Crim. App.), 
cert. denied,
 534 U.S. 855 (2001).  Also forfeited are appellant’s complaints
 that the trial court’s admission of A.D.’s testimony violated double jeopardy, collateral estoppel, and equity principles and that the probative value of the testimony was substantially outweighed by the danger that it would confuse the jury.  These complaints were not raised at trial.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
see also Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996) (holding that ob
jection stating one legal basis may not be used to support a different legal theory on appeal
), 
cert. denied
, 522 U.S. 827 (1997)
.

5:
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (both setting out legal sufficiency standard of review).

6:
K.B.’s outcry was in a letter to her mother, a form of communication she used regularly to communicate things that were difficult for her to say.  

7:
Missy testified that appellant had been to prison for driving while intoxicated.  Appellant has attached to his appellate brief a purported copy of the investigating officer’s written report of his interview with A.D., which states that A.D. said K.B. told her appellant had been to jail for molesting other children.  Appellant does not direct us to any place in the record where this report was admitted into evidence, however, and we have not found the report in the record.  Therefore, the report is not evidence, and we cannot consider it in our factual sufficiency review.  
See Zuniga v. State,
 144 S.W.3d 477, 481 (Tex. Crim. App. 2004) (stating that appellate court is to review all the 
evidence
 when conducting a factual sufficiency review).

8:
See id.
 at 481, 484-85 (setting out factual sufficiency standard).

9:
Inexplicably, appellant also complains that the trial court erred by refusing to charge the jury on self-defense.  Because appellant does not direct us to any evidence that would warrant such a charge, we overrule this argument.  
See, e.g., Brown v. State,
 955 S.W.2d 276, 279 (Tex. Crim. App. 1997) (stating that defendant is entitled to defensive instruction on every issue raised by the evidence); 
Narvaiz v. State,
 840 S.W.2d 415, 429 (Tex. Crim. App. 1992) (holding complaint forfeited when appellant did not specify where in appellate record alleged error could be found), 
cert. denied,
 507 U.S. 975 (1993).